**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Javier Merced, | No. CV-22-01232-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On July 22, 2022, Petitioner filed a document entitled "Special Action," which was docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1.)  Later, on August 29, 2022, Petitioner filed an amended § 2254 petition ("the Amended Petition"). (Doc. 4.)  Additionally, after Respondents filed a response to the Amended Petition (Doc. 12), Petitioner filed a motion to strike the response.  (Doc. 13.)

On May 26, 2023, Magistrate Judge Boyle issued a report and recommendation ("R&R") concluding that the Amended Petition should be denied and dismissed with prejudice and that the motion to strike should be denied.  (Doc. 19.)  Afterward, Petitioner filed objections to the R&R (Doc. 20) and Respondents filed a response (Doc. 21).

For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, and terminates this action.

I.    Background

*The Charges, Guilty Plea, And Sentencing*.  In June 2016, Petitioner was indicted on five counts of sexual exploitation of a minor and one count of sexual conduct with a

1    minor.  (Doc. 19 at 2.)

2        In August 2019, Petitioner pleaded guilty to three counts of attempted sexual

3    exploitation of a minor.  (*Id.*)  The plea agreement stipulated to a sentence of 10-15 years

4    on one of the counts and sentences of lifetime probation as to the other two counts.  (*Id.*)

5        On October 10, 2019, the sentencing hearing took place.  (*Id.*)  Petitioner received

6    a sentence of 14.5 years to be followed by lifetime probation, which was consistent with

7    the plea agreement.  (*Id.*)  Additionally, Petitioner was provided "notice at sentencing that

8    he was required to file a PCR notice within 90 days of the oral pronouncement of sentence."

9    (*Id.* at 5, quotation marks omitted).

10        *First PCR Proceeding*.  Petitioner did not file a PCR notice within 90 days of the

11    oral pronouncement of sentence.  (*Id.* at 2.)  Instead, Petitioner signed his first PCR notice

12    on August 20, 2020 and filed it on August 31, 2020.  (*Id.*)  This was more than 10 months

13    after sentencing.  (*Id.* at 4.)   On September 29, 2020, the superior court dismissed

14    Petitioner's PCR notice.  (*Id.* at 2.)

15        *Subsequent State-Court Proceedings*.  On May 17, 2021, Petitioner filed a "special

16    action" with the Arizona Court of Appeals.  (*Id.*)  On May 19, 2021, that court declined to

17    accept jurisdiction.  (*Id.*)   On June 30, 2021, that court denied Petitioner's motion for

18    reconsideration.  (*Id.*)

19        On July 12, 2021, Petitioner filed a "application for writ of habeas corpus" in the

20    Arizona Supreme Court.  (*Id.*)  On September 22, 2021, that court denied the motion.  (*Id.*

21    at 3.)

22        *This Action*.  On July 19, 2022, Petitioner initiated this action.  (Doc. 1.)  The Court

23    previously explained that the Amended Petition raises three grounds for relief:

24        In Ground One, [Petitioner] alleges a violation of his Fifth Amendment rights
         in connection with his post-conviction proceedings.  In Ground Two, he
25        alleges violation of his Sixth, Eighth, Ninth, and Fourteenth Amendment
         rights to due process, to equal protection, and to be free from double
26        jeopardy.  In Ground Three, he alleges the prison librarian has hindered his
         ability to make legal copies for the courts, and apparently alleges that he is
27        being denied the ability to seek assistance from other prisoners.
28

(Doc. 7 at 2.)  However, the Court dismissed Ground Three at the screening stage "for lack of jurisdiction because it contains a challenge to Petitioner's conditions of confinement, which is not a basis for relief from his conviction or sentence."  (*Id.*)

*The R&R.*  The R&R concludes the Amended Petition should be denied and dismissed with prejudice because it is time-barred by the statute of limitations.  (Doc. 19.) More specifically, the R&R states that AEDPA's one-year limitations period began running on January 8, 2020, which is 90 days after sentencing and thus when Petitioner's convictions and sentences became final under Arizona law.  (*Id.* at 4.)  The R&R further notes that "Petitioner did not mail a habeas petition until July 19, 2022."  (*Id.*)  Thus, the R&R states that this habeas proceeding was untimely filed unless statutory tolling, equitable tolling, and/or the actual innocence gateway apply.  (*Id.* at 4-6.)

As for statutory tolling, the R&R concludes it is inapplicable because "Petitioner filed his [PCR] notice more than seven months after his deadline" and thus Petitioner "never 'properly filed' an application for post-conviction review."  (*Id.* at 4-5.)

As for equitable tolling, the R&R concludes that it, too, is unavailable.  (*Id.* at 5-6.) On this point, the R&R explains that Petitioner "had notice at sentencing" of the requirement to file any PCR notice within 90 days and that Petitioner "fails to explain why his PCR petition was seven months overdue."  (*Id.* at 5.)  The R&R further notes that Petitioner waited nearly eight months after the dismissal of his PCR notice to file a "special action" in the Arizona Court of Appeals and fails to provide an explanation for that delay. (*Id.* at 5-6.)

As for actual innocence, the R&R concludes that Petitioner has failed to make the necessary showing, both because he "admitted his guilt when he pleaded guilty" and because "[h]e does not argue actual innocence to this Court."  (*Id.* at 6.)

Finally, as for Petitioner's motion to strike, the R&R liberally construes it as a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), but concludes that a *Rhines* stay is unwarranted because "Petitioner fails to explain or provide 'good cause' for his failure to file a timely PCR petition" and "also fails to demonstrate that either claim is

1    potentially meritorious." (*Id.* at 6-7.)

2    II.    Legal Standard

3            A party may file written objections to an R&R within 14 days of being served with

4    a copy of it.  Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules").  Those

5    objections must be "specific."  *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being

6    served with a copy of the recommended disposition, a party may serve and file specific

7    written objections to the proposed findings and recommendations.").  "The district judge

8    must determine de novo any part of the magistrate judge's disposition that has been

9    properly objected to.  The district judge may accept, reject, or modify the recommended

10   disposition; receive further evidence; or return the matter to the magistrate judge with

11   instructions."  *See* Fed. R. Civ. P. 72(b)(3).

12           District courts are not required to review any portion of an R&R to which no specific

13   objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does

14   not appear that Congress intended to require district court review of a magistrate's factual

15   or legal conclusions, under a *de novo* or any other standard, when neither party objects to

16   those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

17   ("[T]he district judge must review the magistrate judge's findings and recommendations

18   de novo if objection is made, but not otherwise.").  Thus, district judges need not review

19   an objection to an R&R that is general and non-specific.  *See, e.g., Warling v. Ryan*, 2013

20   WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would

21   defeat the efficiencies intended by Congress, a general objection 'has the same effect as

22   would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2

23   (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

24   III.   Analysis

25           Petitioner does not raise any specific objections to the R&R's reasoning.  (Doc. 20.)

26   Instead, Petitioner purports to break the R&R into sections and simply indicates that he

27   "concurs" with the analysis in some of those sections but "controverts" the analysis in

28   others.  (*Id.* at 1-3.)  In the "conclusion" of his filing, Petitioner adds that Respondents have

not responded to his attempts to seek a negotiated remedy and that "the state[']s material evidence does not coin[c]ide with the rules of law.  The fact of the matter [is] that the 911 call was conducted 6 months after the Petitioner was already detained in the MCSO custody.  Is not ethical in accordance to the fundamentals of the U.S.C.A. in which the country is founded on."  (*Id.* at 3.)

In response, Respondents argue that the Court need not review Petitioner's objections because they are non-specific and that the reference to the 911 call "is a merits-based argument that this Court does not need to address since [Petitioner's] petition is untimely."  (Doc. 21 at 1-2.)

The Court agrees with Respondents.  By simply indicating that he "controverts" certain aspects of the R&R, without explaining why, Petitioner has forfeited any objection to the R&R's analysis.  This is an impermissible general objection.  At any rate, the Court has reviewed the R&R's analysis and agrees with it—Petitioner initiated this action more than one year after his conviction became final and is not entitled to statutory or equitable tolling or to relief under the actual innocence gateway.  This action is thus time-barred.

…

…

…

…

…

…

…

…

…

…

…

…

…

- 5 -

Accordingly, **IT IS ORDERED** that:

1.  Petitioner's objections to the R&R (Doc. 20) are **overruled**.

2.  The R&R (Doc. 19) is **accepted**.

3.  The Amended Petition (Doc. 4) is **denied and dismissed with prejudice**.

4.  The motion to strike (Doc. 13) is **denied**.

5.  A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the denial of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

6.  The Clerk shall enter judgment accordingly and terminate this action.

Dated this 26th day of June, 2023.

Dominic W. Lanza
United States District Judge